## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SIOUX CHIEF MFG. CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-2095-KHV |
| | ) |
| IPS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the court upon plaintiff's combined motion for an order compelling discovery and extending plaintiff's deadline for producing expert reports (Doc. 31) and defendant's motion to bifurcate discovery and trial of this matter to deal separately with issues of liability and damages (Doc. 33). These issues have been fully briefed and are ripe for decision. Because the issue of the proper scope of discovery is dependent upon whether the matter will be bifurcated, the court will deal first with defendant's motion to bifurcate, despite its being filed after plaintiff's motion. For the reasons set forth below, the court denies defendant's motion to bifurcate and grants plaintiff's combined motion to compel and extend its expert deadline.

**Defendant's Motion to Bifurcate**

Defendant seeks to have the court bifurcate discovery and trial of this matter to deal with issues related to liability in the first phase, with issues related to damages and willfulness handled in the second phase, if necessary. Defendant seeks to have the court determine liability before the parties go to the trouble, time, and expense of discovery and a trial on damages, as such would be completely unnecessary if no liability is found. Defendant contends that such bifurcation will benefit the parties and the court by

avoiding complicated and prolonged discovery and a protracted and confusing trial.  It further contends that bifurcation would minimize the risk of jury confusion, and that plaintiff will not be prejudiced by bifurcation.

Plaintiff opposes defendant's motion, contending that defendant's motion is untimely and would result in prejudice to plaintiff.  It contends that it would be prejudiced because it has already provided, or is in the process of providing, discovery related to damages to defendant, including a preliminary expert's report on damages, and that some of this discovery is in response to requests made by defendant.  It further contends that bifurcation would not foster as much efficiency as claimed by defendant because of the duplication of evidence relevant to the determination of both liability and damages.  It also contends that defendant has not demonstrated why the issue of willfulness, as distinct from the general issues of damages, should be held for determination in a second phase of this action.

Fed. R. Civ. P. 42(b) provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim. . . or of any separate issue or of any number of claims. . . or issues. . . ."  "The court has broad discretion in determining whether to sever issues for trial."[1]  "Notwithstanding the broad discretion conferred by Rule 42(b), the bifurcation of issues and the separate trial of them is not the usual course of events."[2]  "The party requesting separate trials bears the burden of convincing  the court that such an

---

[1] *Victor Co., L.L.C. v. Ortho Organizers, Inc.*, No. 96-2123-GTV, 1996 U.S. Dist. LEXIS 18271, at *2 (D. Kan. Nov. 5, 1996) (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)).

[2] *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387, (M.D.N.C. 1999) (citations omitted).

exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party."[3]

"Historically, courts have found patent cases well suited to bifurcation. . . . particularly. . . when the determination of a single issue could be dispositive of the entire case and thereby eliminate the need for a subsequent trial."[4] "However, the mere status of being a patent case does not create a presumption or inference in favor of bifurcation and separate trials," and "[m]erely presenting some proof which supports bifurcation is not enough."[5] "Rather, the decision must be made on a case-by-case basis after consideration of all of the relevant factors and individual circumstances," and "[t]he benefit of bifurcation must outweigh the disadvantages."[6]

Defendant relies heavily upon *Victor Co., L.L.C. v. Ortho Organizers, Inc.*,[7] a prior patent case in this district, in support of the proposition that bifurcation is appropriate where a determination of the liability issue could be completely dispositive of the matter prior to the need for lengthy and expensive discovery and litigation of damages-related issues. Because this case was decided in this district, the court has access to the record beyond the written decision on the motion to bifurcate, and based upon a review of that record, the court finds the facts underlying the decision in *Victor Co.* to be distinguishable from the circumstances in the instant case. In *Victor Co.*, the defendant seeking bifurcation filed its motion on July

---

[3] *Id.* (citations omitted).

[4] *Victor Co., L.L.C.*, 1996 U.S. Dist. LEXIS 18271, at *3 (citations omitted).

[5] *F&G Scrolling Mouse, L.L.C.*, 190 F.R.D. at 387 (citation omitted).

[6] *Id.* (citations omitted).

[7] No. 96-2123-GTV, 1996 U.S. Dist. LEXIS 18271, at *2 (D. Kan. Nov. 5, 1996).

24, 1996,[8] over a month before the first scheduling order was entered in the case.[9] While this motion was not ultimately granted until entry of the order cited by defendants on November 5, 1996,[10] both the court and the plaintiff had notice of the defendant's desire to bifurcate discovery and trial in the matter before any steps were taken in planning and scheduling of the case. In contrast, defendant's motion to bifurcate in the instant case was filed nearly six months after the entry of the scheduling order in the instant case, just over two months before discovery is set to close, under the scheduling order, on February 28, 2006,[11] and approximately two weeks after plaintiff filed a motion to compel directed at discovery issues that would be deferred if the matter was bifurcated.[12] Moreover, the court does not recall any discussion of bifurcation at the time it conducted the scheduling conference in this matter, prior to entry of its scheduling order. As such, defendant allowed two-thirds of the time allocated time for discovery in this matter to expire prior to seeking to bifurcate, and then sought bifurcation only after plaintiff had filed a motion to compel related to discovery that would be preempted by bifurcation. While defendant contends that it did notify plaintiff of its desire much earlier, on August 25, 2005,[13] the fact remains that it did not act to effectuate that desire until nearly four months later. Plaintiff contends that it has provided discovery to defendant related to

---

[8] *See* Motion for Separate Trial and Limited Discovery, Doc. 18, filed in D. Kan. Case No. 96-2123-GTV on July 24, 1996.

[9] *See* Scheduling Order, Doc. 29, filed in D. Kan. Case No. 96-2123-GTV on August 26, 1996.

[10] *Victor Co., L.L.C.*,1996 U.S. Dist. LEXIS 18271, at *1.

[11] *See* Scheduling Order, Doc. 11, filed June 22, 2005.

[12] *See* Plaintiff's Motion to Compel, Doc. 31, file December 1, 2005.

[13] Defendant's Reply in Support of its Motion to Bifurcate, Doc. 42, at p. 5.

damages issues to defendant,[14] and defendant does not dispute this contention. Moreover, plaintiff has provided the court a copy of an expert report, as a sealed exhibit to its reply to defendant's motion to bifurcate, wherein it provides information of its theory and calculation of damages to defendant.[15] There can be no dispute that plaintiff has provided to defendant the same sort of discovery that defendant seeks to forestall by bifurcation of this matter. As such, the court finds that it would unduly prejudice plaintiff if the matter were bifurcated at this time. Because undue prejudice is a factor to be evaluated and avoided in deciding whether to exercise discretion to bifurcate, the court finds that defendant's motion to bifurcate should be denied.

**Plaintiff's Combined Motion To Compel and Extend Its Expert Deadline**

Plaintiff's motion seeks an order compelling defendant to produce: (1) all documents in defendant's possession, custody, and control responsive to plaintiff's First Request for Production Nos. 3, 5, 8, 9, 10, 12, and 14; (2) any further documents in defendant's possession, custody, or control responsive to plaintiff's First Request for Production Nos. 6 and 13; (3) any opinions of counsel that defendant will assert reliance upon in defense to a charge of willful infringement; and (4) a privilege log identifying documents withheld on the basis of privilege.[16]

Defendant's only contentions in opposition to plaintiff's motion are that the discovery is not proper at this time because the matter should be bifurcated, and that, because defendant did not consider the

---

[14] Plaintiff's Response to Defendant's Motion to Bifurcate, Doc. 37, at p. 1.

[15] *See* Sealed Exhibit No. 3 In Support of Reply, Doc. 46.

[16] Plaintiff's Motion to Combined Motion to Compel and for Extension of Expert Deadline, Doc. 31, at pp. 1-2.

discovery to be proper at this time, the parties have not adequately conferred with regard to the requested discovery.

Based upon the foregoing decision to deny the motion to bifurcate, there is no remaining issue of whether this discovery will be deferred. Moreover, plaintiff has included a certification of the parties' efforts to confer in compliance with D. Kan. 37.2,[17] and the court finds these efforts to be adequate to justify the filing of the instant motion to compel. While defendant may not have taken these efforts as seriously as it might have had it not considered the discovery to be more properly deferred, the parties nonetheless attempted to resolve their dispute prior to seeking court intervention, and the court finds their efforts to be adequate to satisfy D. Kan. Rule 37.2.

As the above are defendant's only bases to oppose the discovery, the court finds that plaintiff's motion should be granted and that defendant should be compelled to provide full and complete responses to the requested discovery. While the court grants plaintiff's combined motion in its entirety, the court will defer setting an actual date for plaintiff's expert disclosures until such time as it rules on the parties' joint motion to modify scheduling order (Doc. 59), which is currently pending in this matter.

**IT IS THEREFORE ORDERED:**

1. That defendant's motion to bifurcate discovery and trial of this matter (Doc. 33) is hereby DENIED.

2. That plaintiff's combined motion for an order compelling discovery and extending plaintiff's deadline for producing expert reports (Doc. 31) is hereby GRANTED.

---

[17] *Id.* at pp. 2-3.

3.  That defendant shall, by **March 17, 2006**, unless otherwise agree by the parties, provide full and complete responses to the discovery requests at issue in plaintiff's motion to compel, including: (1) all documents in defendant's possession, custody, and control responsive to plaintiff's First Request for Production Nos. 3, 5, 8, 9, 10, 12, and 14; (2) any further documents in defendant's possession, custody, or control responsive to plaintiff's First Request for Production Nos. 6 and 13; (3) any opinions of counsel that defendant will assert reliance upon in defense to a charge of willful infringement; and (4) a privilege log identifying documents withheld on the basis of privilege.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge